WO                                                                                          JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie Lee Moore, | No. CV 20-00731-PHX-MTL (DMF) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

On April 10, 2020, Petitioner Willie Lee Moore, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed In Forma Pauperis. In a May 6, 2020 Order, the Court granted the Application to Proceed and dismissed the Petition because Petitioner failed to allege he is in custody in violation of the Constitution or the laws or treaties of the United States. The Court gave Petitioner 30 days to file an amended petition that cured the deficiencies identified in the Order.

After requesting and receiving an extension of time, on June 12, 2020, Petitioner filed his Amended § 2254 Petition (Doc. 10). The Court will require an answer to the Amended Petition.

**I.     Amended Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR2014-005890, of second-degree murder and discharge of a firearm at a structure and was sentenced to a 23-year term of imprisonment. In his Amended Petition, Petitioner names

TERMPSREF

David Shinn as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises four grounds for relief. In Ground One, Petitioner asserts juror misconduct violated his Sixth Amendment to an impartial jury. In Ground Two, Petitioner contends the trial court's denial of his motion to sever violated his due process rights under the Fifth and Fourteenth Amendments. In Ground Three, Petitioner claims testimony proved his innocence, but he was still found guilty of murder, in violation of his Sixth Amendment rights. In Ground Four, Petitioner asserts that prosecutorial misconduct violated his due process rights under the Fifth and Fourteenth Amendments.

Petitioner states he has presented the issues in Grounds One and Three to the Arizona Court of Appeals. Petitioner states that he has not presented the issues in Grounds Two and Four to any Arizona appellate court. In *Henderson v. Johnson*, 710 F.3d 872, 873-74 (9th Cir. 2013), the Ninth Circuit Court of Appeals held that the district court erred as a matter of law when it dismissed a habeas petition without offering the petitioner leave to amend to delete unexhausted claims, which were raised in the petitioner's concurrent state petition. In relevant part, the court stated that:

> Although district courts cannot adjudicate mixed petitions, *Sherwood* [*v. Tomkins*, 716 F.2d 632 (9th Cir. 1983),] does not undermine the important precedent requiring district courts first to grant leave to amend and, *if requested*, to consider a petitioner's eligibility for a stay under *Rhines [v. Weber*, 544 U.S. 269, 275-77 (2005)] (stay of entire petition), or under *Kelly [v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003)] (stay of exhausted claims only). The district court erred by failing to allow Henderson leave to amend her petition before dismissal, and by refusing to address Henderson's request for relief under *Rhines* or *Kelly*.

710 F.3d at 874 (emphasis added). Prior to any appearance by Respondents, a determination as to whether the Amended Petition is mixed or whether Petitioner should be afforded leave to amend to delete any unexhausted claims or to request a stay is premature.

The Court will require Respondents to answer the Amended Petition. 28 U.S.C. § 2254(a).

. . . .

. . . .

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Amended Petition (Doc. 10) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office. Pursuant to the Memorandum of Understanding, copies of the Amended Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses. Within 2 business days, the Attorney General's Office will acknowledge receipt of the Amended Petition and the Court's Order and within 5 business days will either file a notice of

1  appearance on behalf of Respondents or will notify the Court of the names of the
2  Respondents on whose behalf the Arizona Attorney General's Office will not accept
3  service of process.

4  (2) Respondents must answer the Amended Petition within 40 days of the date
5  of service. Respondents must not file a dispositive motion in place of an answer.
6  Respondents may file an answer that (a) is limited to relevant affirmative defenses,
7  including, but not limited to, statute of limitations, procedural bar, or non-retroactivity;
8  (b) raises affirmative defenses as to some claims and discusses the merits of others; or
9  (c) discusses the merits of all claims. The failure to set forth an affirmative defense
10 regarding a claim in an answer may be treated as a waiver of the defense as to that claim,
11 *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to
12 affirmative defenses on a particular claim does not waive any argument on the merits as to
13 that claim. If the answer only raises affirmative defenses, only those portions of the record
14 relevant to those defenses need be attached to the answer. If not, the answer must fully
15 comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

16 (3) Regarding courtesy copies of documents for chambers, Respondents are
17 directed to review Section II(D) of the Court's Electronic Case Filing Administrative
18 Policies and Procedures Manual, which requires that "a courtesy copy of the filing,
19 referencing the specific document number, **shall be printed directly from CM/ECF**."
20 CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/
21 sites/default/files/documents/adm%20manual.pdf.

22 (4) Petitioner may file a reply within 30 days from the date of service of the
23 answer.

24 . . . .
25 . . . .
26 . . . .
27 . . . .
28 . . . .

TERMPSREF

- 4 -

(5) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 30th day of June, 2020.

Michael T. Liburdi
United States District Judge