**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie Lee Moore,<br><br>           Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>           Respondents. | No. CV-20-00731-PHX-MTL<br><br>**ORDER** |

Before the Court is Magistrate Judge Deborah M. Fine's Report and Recommendation ("R & R") (Doc. 17), recommending that the Amended Petition for Writ of Habeas Corpus (the "Amended Petition") (Doc. 10) be denied.[1] The Court has reviewed the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1), the Amended Petition (Doc. 10), Respondents' Answer to the Amended Petition (Doc. 14), the R & R (Doc. 17), Petitioner's Objection to the R & R (Doc. 18), and Respondents' Response to Petitioner's Objection (Doc. 19). For the reasons expressed below, the Court overrules Petitioner's objections and adopts the R & R in its entirety.

**I.     BACKGROUND**

A jury found Petitioner guilty of second-degree murder and discharge of a firearm at a structure. (Doc. 14–1 at 3–5.) *See State v. Moore*, No. 1 CA-CR-18-0045, 2019 WL 667780, at *1–2 (Ariz. Ct. App. Feb. 19, 2019).[2] The trial court sentenced Petitioner to

---

[1] Citations to the record refer to documents as listed in the official electronic filing system maintained by the District of Arizona in Case No. CV 20-00731-PHX-MTL (DMF).
[2] The Arizona Court of Appeals' stated facts are entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 769 (1995) ("In habeas

concurrent terms of imprisonment, the longest of which is 23 years. *Id.* Petitioner timely filed a direct appeal, arguing that the trial court erred by denying his motions for mistrial and new trial based on alleged juror misconduct. *Id.* On February 19, 2019, the appellate court affirmed Petitioner's convictions and sentences. *Id.* Petitioner did not file a motion for reconsideration in the appellate court or a petition for review in the Arizona Supreme Court. (Doc. 14–1 at 82.) The appellate court's mandate issued on April 9, 2019. (*Id.*)

On July 15, 2019, Petitioner filed a state action for post-conviction relief ("PCR"). (*Id.* at 84–85.) Finding that Petitioner's PCR notice was untimely under Arizona law, the state court dismissed the PCR action on August 6, 2019. (*Id.* at 87–88.) On September 20, 2019, Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 14–1 at 90–91.) The appellate court dismissed the petition as untimely. (*Id.* at 105–06.) Petitioner did not seek review at the Arizona Supreme Court. (Doc. 10 at 5.)

Petitioner then initiated this federal habeas proceeding by filing the Petition on April 9, 2020. (Doc. 1.) The Court dismissed the Petition without prejudice and with leave to amend. (Doc. 7.) Petitioner timely filed the Amended Petition. (Doc. 10.) Respondents answered, arguing the Petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and "procedurally defaulted."[3] (Doc. 14 at 1.)

## II.    LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, this Court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews de novo those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection must be

---

proceedings in federal courts, the factual findings of state courts are presumed to be correct.").

[3] Petitioner did not file a reply. The record indicates that Petitioner received Respondents' Answer. (*See* Doc. 15.)

- 2 -

specific. Fed. R. Civ. P. 72(b)(2). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

## III. DISCUSSION

The AEDPA establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest date on which: "(1) direct review becomes final; (2) an unlawful state-created impediment to filing is removed; (3) a new constitutional right is made retroactively available; or (4) the factual predicate of the claims presented could have been discovered with due diligence." *Lopez v. Att'y Gen. of Ariz.*, No. CV-17-03348-DJH, 2020 WL 7027561, at *4 (D. Ariz. Nov. 30, 2020) (citing 28 U.S.C. § 2244(d)(1)(A)–(D)). The R & R concludes that the Petition is time-barred under 28 U.S.C. § 2244(d)(1) and that neither statutory tolling, equitable tolling, nor actual innocence saves the Petition. (Doc. 17 at 9–10.) Thus, the R & R recommends the Amended Petition be dismissed with prejudice. (*Id.*) Petitioner objects to the R & R on the following grounds: (1) the Petition is timely considering the date on which the appellate court's mandate issued and the extension of Petitioner's deadline to file a motion for reconsideration; (2) equitable tolling renders the Petition timely; and (3) the actual innocence exception is applicable. (Doc. 18 at 1–3.)

### A. Accrual

After a de novo review, the Court agrees with the Magistrate Judge that the AEDPA's one-year limitations period commenced on March 27, 2019. After his conviction and sentencing, Petitioner filed a timely direct appeal. (Doc. 14–1 at 3–5.) The appellate court affirmed Petitioner's convictions and sentences on February 19, 2019. (*Id.*) Petitioner argues the AEDPA's limitations period did not begin to run until after the appellate court's mandate issued. (Doc. 18 at 1.) But an Arizona conviction becomes final when the time for filing a petition for review of the appellate court's decision to the Arizona Supreme Court expires, not upon the issuance of the mandate. *Hemmerle v. Schriro*, 495 F.3d 1069, 1073–74 (9th Cir. 2007) (evaluating § 2244 finality considering Arizona law). Unless a motion

for reconsideration is filed, a petition for review must be filed with the Arizona Supreme Court within 30 days of the appellate court's decision. Ariz. R. Crim. P. 31.21(b)(2)(A) (formerly Ariz. R. Crim. P. 31.19(a)). Petitioner did not file a motion for reconsideration or a petition for review with the Arizona Supreme Court. (Doc. 14–1 at 82.) Thus, his convictions and sentences became final on March 26, 2019, when the time to file a petition for review expired. *See* Ariz. R. Crim. P. 31.21(b)(2)(A); Ariz. R. Crim. P. 1.3(a)(5) (adding five days when a party "must act within a specified time after service and service is made" by mail).

Petitioner contends the Petition is timely because the appellate court extended his deadline to file a motion for reconsideration to April 5, 2019. (Doc. 18 at 2.) The Court disagrees. Petitioner never actually filed a motion for reconsideration. (Doc. 14–1 at 82.) An extension, without more, does not affect the time Petitioner had to seek review of the appellate court's decision. *See* Ariz. R. Crim. P. 31.21(b)(2)(A) (providing that if "a party *files* a timely motion for reconsideration," the party has "15 days after the motion's final disposition" to file a petition for review) (emphasis added). Thus, the Court agrees with the Magistrate Judge that the AEDPA limitations period started to run on March 27, 2019 and, absent tolling, expired one year later, on March 27, 2020. *See* 28 U.S.C. § 2244(d)(1)(A).

### B. Statutory Tolling

The AEDPA's limitations period is statutory tolled while "a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). Untimely PCR petitions are not "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Here, the state court dismissed Petitioner's PCR notice because it was untimely under Arizona law. (Doc. 14–1 at 87–88.) The Court therefore agrees with the Magistrate Judge that Petitioner's state PCR action was not properly filed. Thus, statutory tolling does not apply.

### C. Equitable Tolling

The AEDPA's limitations period may also be tolled for equitable reasons. *Holland*

*v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is rarely available and "justified in few cases." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Generally, a petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. To satisfy the first element a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020). The second element is met "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Id.* at 600.

Petitioner argues he "has been diligently [pursuing] his rights." (Doc. 18 at 3.) As support, Petitioner asserts that he filed a state PCR action and a petition seeking review of the trial court's dismissal of his PCR proceedings. (*Id.* at 2.) As noted, Petitioner's PCR notice was filed more than two months late. (Doc. 14–1 at 88.) His petition for review was also untimely. (*Id.* at 105.) Thus, rather than showing diligence, the state PCR filings demonstrate Petitioner's repeated failure to comply with applicable deadlines. *See Pace*, 544 U.S. at 419 (concluding a petitioner, who did not "advance[] his claims within a reasonable time of their availability," lacked the diligence necessary for equitable tolling to apply). Petitioner next contends his filing of a motion to stay establishes the requisite diligence. (Doc. 18 at 3.) Petitioner filed the motion to stay before initiating the present action. *See* Motion to Stay for Habeas Corpus, *Moore v. State of Arizona*, No. CV-19-05567-NVW-DMF (D. Ariz. filed Oct. 31, 2019), ECF No. 1. The district court "opened a civil case to facilitate consideration of Petitioner's motion"—even though "Petitioner [had] not filed a habeas corpus petition or paid the $5.00 filing fee or filed an Application to Proceed In Forma Pauperis"—and ultimately denied Petitioner's request. Order, *Moore*, No. CV-19-05567-NVW-DMF, ECF No. 4 at 1–2. Given those circumstances, the motion to stay does little to bolster Petitioner's argument. Last, Petitioner asserts that he diligently pursued his rights by "attempting" to file a motion for reconsideration after the appellate

court affirmed his convictions and sentences. (Doc. 18 at 2.) Petitioner attached an e-file request and two e-mails to his Objection as support. (*Id.*, Ex. C.) But he did not provide additional detail or attempt to explain how those attachments establish his diligence. Thus, having considered Petitioner's "overall level of care and caution in light of his . . . particular circumstances," the Court agrees with the Magistrate Judge that Petitioner has not been reasonably diligent in pursuing his rights. *Smith*, 953 F.3d at 599 (quoting *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011)).

In addition, even if Petitioner had been reasonably diligent, equitable tolling is unavailable because Petitioner's allegations do not amount to extraordinary circumstances. Petitioner first asserts that legal mail is picked up and delivered only one time per week in the unit in which he is confined. (Doc. 18 at 1.) But reduced access to mail, unlike the denial of access altogether, is an ordinary prison limitation that is not extraordinary enough to warrant the application of equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Indeed, given the common day-to-day security restrictions in prison, concluding otherwise would allow the equitable tolling exception to swallow the AEDPA's rule. *Id.* Petitioner further contends an attorney "told him that his deadline for a federal appeal [was] April 8, 2020," and a paralegal advised that he had until September 24, 2020 to file the Petition. (Doc. 18 at 1.) "Attorney miscalculation," however, "is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007). And "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The Court finds that Petitioner's allegations fall short of showing extraordinary circumstances. Thus, the Court agrees with the Magistrate Judge that equitable tolling is unavailable.

### D. Actual Innocence

"When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . . ,' the Court

may consider the petition on the merits." *Stewart v. Cate*, 757 F.3d 929, 937 (9th Cir. 2014) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). A petitioner must establish "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[A] claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (quoting *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)). In this case, Petitioner concedes "there is no new evidence" to prove his factual innocence. (Doc. 18 at 3.) And nothing in the record erodes this Court's confidence in the outcome of Petitioner's trial. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013). Accordingly, the Court agrees with the Magistrate Judge that the actual innocence gateway provides no relief to Petitioner. The Court therefore will not consider the merits of the Amended Petition.

### E. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Amended Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issue differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court finds that a certificate shall not issue because dismissal of the Amended Petition is justified by a plain procedural bar and reasonable jurists would not find that procedural ruling debatable. *Id.* at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation (Doc. 17).

**IT IS FURTHER ORDERED denying** the Amended Petition (Doc. 10) and **dismissing** it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 23rd day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge